UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Rittner,　　　　　　　　　　　　　　Case No. 3:17-cv-1105

    Plaintiff

  v.　　　　　　　　　　　　　　　　MEMORANDUM OPINION AND
　　　　　　　　　　　　　　　　　　　　　　ORDER
Latisha Laws, *et al.*,

    Defendants

*Pro se* Plaintiff Daniel Rittner filed this *in forma pauperis* civil rights action on May 25, 2017. At that time, he was an inmate in the Madison Correctional Institution. (*See* Doc. No. 1.) Plaintiff was granted leave to proceed *in forma pauperis* and permitted to pay his filing fee in installments on December 29, 2017. (*See* Doc. No 7.)

On January 11, 2018, Plaintiff filed a "Notice to [the] Court and Counsel," asserting he is no longer incarcerated and, therefore, the Court must determine whether he "is able to pay any fee" in order to proceed in the case. (Doc. No. 9.)

On January 23, 2018, Defendant filed a Motion to Dismiss the Plaintiff's case entirely on the basis of the three-strike provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). (Doc. No. 12.) The three-strike provision prohibits a prisoner from proceeding *in forma pauperis* in federal court if, on three or more prior occasions while incarcerated, he brought an action or appeal in federal court that was dismissed on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted, unless he demonstrates he was in "imminent danger of

1

serious physical injury" at the time his complaint was filed. *See id.; Taylor v. First Medical Management*, 508 F. Appx. 488, 492, 2012 WL 6554645, at *3 (6th Cir. 2012).

Plaintiff has filed a brief opposing Defendant's Motion to Dismiss and the Defendant's file a reply brief. It is now ready for decision. After review, I will grant the Motion.

First, the three-strike provision of the PLRA applies to Plaintiff even though he asserts he is no longer incarcerated. *See e.g., Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (the PLRA's three-strike limitation on *in forma pauperis* proceedings is applicable to a prisoner-plaintiff, even if he was released from prison after he filed his complaint).

Second, Plaintiff does not dispute, and in fact alleges, he has already accumulated three strikes pursuant to the three-strike rule. (*See D*oc. No. 1 at ¶ 5.)

Third, in order to demonstrate entitlement to proceed *in forma pauperis* based on the imminent danger exception to the three-strike rule, a plaintiff must allege facts "from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the plaintiff] was under an existing danger at the time he filed his complaint." *Taylor v. First Medical Management*, 508 F. Appx. at 492 (internal quotations omitted). Although Plaintiff contends the imminent danger exception applies, *see* Doc. No. 15 at 3, his allegations do not reasonably suggest this. He alleges that in September 2014, Defendant Latisha Laws, who is a corrections officer at the Allen Correctional Institution where Plaintiff was incarcerated prior to the time he filed his complaint, refused his request to have his blood drawn in accordance with a treatment plan for vision loss impairments, and that she and others at the prison failed to follow proper protocol and/or maintain accurate medical records. This conduct allegedly resulted in a delay in Plaintiff's seeing an OSU ophthalmologist until June 2015. (*See* Doc. No. 1 at ¶¶ 22-36). Plaintiff suggests he has had ongoing problems as a result of the delay in his treatment, but I do not find his allegations reasonably suggest he was under "imminent danger of serious physical injury" in May 2017 when he filed his complaint.

2

Accordingly, Plaintiff is prohibited from proceeding *in forma pauperis* in federal court under 28 U.S.C. § 1915(g). Therefore, I am vacating the order in this case granting Plaintiff leave to proceed *in forma pauperis* (Doc. No. 7), granting Defendant's Motion to Dismiss (Doc. No. 12), and dismissing this case action without prejudice pursuant to the three strike rule set out in § 1915(g). Plaintiff's pending motions to find exhibits and evidence timely filed, for appointment of counsel, and for an extension of time (Doc. Nos. 5, 13, and 15) are all denied as moot. If Plaintiff wishes to proceed with this case, he must, within thirty days of the date of this order, pay the full filing fee of $400 and a motion to reopen the case.

I further certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

 s/ Jeffrey J. Helmick  
United States District Judge